The Chancellor.
By articles of agreement, entered into in contemplation of marriage between Samuel S. Willets, of the first part, Martha Abbott, of the second part, and Samuel Abbott and George Abbott, of the third part, the said Martha, in contemplation of her marriage with the said Samuel S. Willets, did assign and transfer to the said Samuel and George Abbott, as trustees, the sum of four thousand dollars, to hold the same upon the following trust— “ to place the same at interest on bonds, or bonds and mortgages, or invest it in bank stock, insurance stock, or public securities, and the net dividends, interest, and profits thereof to receive, from time to time, to the use of the said Martha Abbott, during the joint lives of the said Samuel S. Willets and the said Martha Abbott, and the same net dividends, interest, or profits to pay over, from time to time, to the said Martha Abbott, for her sole and exclusive use, during the joint lives of the said Samuel S. Willets and said Martha Abbott; and if the said Martha Abbott should survive the said Samuel S. Willets, then to deliver and pay over, as well the principal stock and money aforesaid, as the interest, dividends, and profits then due and accruing thereon to the said Martha Abbott, to her sole use and behoof for ever.”
By the said articles of agreement, the said Martha also further assigned and set over to the said trustees certain goods and chattels, in an inventory annexed. And thereupon follows this declaration of trust — Upon the trust that the said Samuel and George Abbott shall permit the said Martha Abbott to keep and employ, and at her own will dispose of, the said goods and chattels, and that the same, or any part thereof, shall not be liable to the control of the said Samuel 8. Willets, his debts, or disposal, but shall remain wholly in the power of the said Martha Abbott and her assigns. And if the said Martha Abbott shall die in the lifetime of the said Samuel S. Willets, leaving children, then to pay and deliver over the same, interest, dividends, principal, and profits, to such children *398 as shall survive her, to their sole use equally, as tenants in common; and if any of the said children shall be under age at the death of the said Martha Abbott, to reserve the delivery and payment of its share until such child shall be married or become of age, whichever may . first happen.”
Samuel S. Willets and Martha Abbott, after the execution of the marriage agreement, intermarried. On the 18th day of July, 1845, Martha died, leaving an only child, Samuel A. Willets, who, at the time of filing this bill, which was in July, 1854, was eleven years of age.
On the 16th of October, 1845, the complainant, was appointed guardian of the property of his infant son. He has instituted this suit against the trustees, claiming that his ward is entitled to receive the interest of the said sum of |4500 since the death of his mother, and praying that the trustees may be decreed to account to him, as the guardian of the property of the infant. The defendants have answered the bill, and tender themselves ready to account, and to submit to whatever decree the court may deem proper to make in the premises. They state that they are advised that, by the terms of the trust, the fund must remain in their hands to accumulate until the marriage of the infant, or his arriving at the age of twenty-one ; that the complainant, the father of the infant, has ample means to maintain and educate his child in a manner in every way suitable to his condition in life.
The bill claims the interest of the trust fund upon no other ground than as a matter of strict right. There is no allegation that the infant is in want of the money. The bill insists that, by the terms of the trust deed, the trustees are bound to account to the infant for the interest of the trust fund from time to time. If this be so, then the complainant, as the guardian of the infant, has a right to an account, and to receive the interest of the fund from the defendants, the trustees. The only question, therefore, we have to deal with is the construction of the trust deed in the particulars referred to.
*399 The construction of the deed turns upon the word “share.” If that word, as used, refers to the principal of the fund, then, as no disposition is made of the interest, as to the time of payment, the complainant, as the guardian of the infant, is entitled to receive the interest from time to time, as it accrues. But if the word “ share” refers to the interest, as well, as the principal, then its payment is in express terms deforced until the infant marries or arrives of age. I think the word share refers very distinctly to what had been designated, in a few lines previous in the deed, as interest, dividends, principal, and profit. “ And if the said Martha Abbott shall die in the lifetime of the said Samuel S. Willets, leaving children, then to pay and deliver over the same interest, dividends, principal, and profits to such children as shall survive her, to their sole use equally, as tenants in common; and if any of the said children shall be under age at the death of the said Martha Abbott, to reserve the delivery and payment of its share, until such child,” &c. Its share of what? Certainly of the “ same interest, dividends, principal, and profits ;” and the trustees were “ to reserve the delivery and payment of its (the child’s) share until such child shall be married or become of age, which ever may first happen.”
I think it is clear that, upon the construction of the deed, the guardian of the infant has a legal claim upon the trustees for the interest of the fund. This is the only question presented by the pleadings. To what extent, and under what circumstances, a court of equity may subject the fund to the maintenance and education of the infant, is a question not involved in the present suit.